UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GIA IMBORNONE                                                    CIVIL ACTION

VERSUS                                                           NO. 11-3195

TCHEFUNCTA URGENT CARE, INC.                                     SECTION: "H"(5)

## ORDER & REASONS

IT IS ORDERED that Defendants' Motion to Dismiss (R. Doc. 4) is GRANTED in part and DENIED in part. The Motion is GRANTED as to the following claims: 28 U.S.C. § 1983 claims, 28 U.S.C. §1985 claims, Title VII racial discrimination claims, Family Medical Leave Act ("FMLA") claims, punitive damages claims, and conversion claims. The Motion is also GRANTED as to Plaintiff's claims against Defendant Matta under Louisiana's Employment Discrimination Law ("LEDL") and Title VII.

The Motion is DENIED as to Plaintiff's Title VII sex discrimination claim against Tchefuncta, LEDL claim against Tchefuncta, and any remaining state law claims against both Defendants. Defendants' request for reasonable costs and attorney's fees is DENIED.

Plaintiff's section 1983 claims, section 1985 claims, and Title VII race discrimination claims

-1-

are DISMISSED WITH PREJUDICE. Plaintiff concedes that those claims are without merit. (R. Doc. 8, p. 4.) Plaintiff's Title VII claims against Matta are also DISMISSED WITH PREJUDICE, as Matta cannot be held individually liable under Title VII. Plaintiff's FMLA claims, claims for punitive damages, conversion claims, and LEDL claims against Matta are DISMISSED WITHOUT PREJUDICE. Plaintiff is granted leave to amend her Complaint as to these claims within twenty (20) days of the entry of this Order.

**BACKGROUND**

This is an employment discrimination case based on alleged sexual harassment. Plaintiff Gia Imbornone alleges that her former employer, Tchefuncta Urgent Care, Inc. ("Tchefuncta"), and its owner and president Luis F. Matta II ("Matta"), discriminated against her on the basis of her gender. Her Complaint states that she began working as a radiology technician at Tchefuncta in February 2009. (R. Doc. 1 at ¶ 13.) She further alleges that during her employment at Tchefuncta, Matta subjected her to unwelcome sexual harassment. (*Id*. at ¶ 14.) Specifically, she states that Matta physically touched her, openly propositioned her for sexual favors, and used "degrading, obscene, and sexually explicit language." (*Id*. at ¶ 15.) Plaintiff also alleges that on July 14, 2010, Matta harassed her in the bathroom and wrongfully terminated her employment when she asked to be left alone. (*Id.* at ¶ 20.) Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 3, 2011 and received her right to sue letter on October 6, 2011. (*Id*. at ¶¶ 21-22.)

Plaintiff also makes a claim under the Family Medical Leave Act ("FMLA"). Plaintiff alleges that she sustained injuries in a June 25, 2010, car accident that prevented her from working. (*Id*. at ¶¶ 17, 19.) Although Plaintiff requested medical leave until the doctor released her to return to work, Matta denied her medical leave request. (*Id*. at ¶ 16.)

Plaintiff filed the current case on December 30, 2011. (*See id.*) Defendants filed the current Motion to Dismiss on February 10, 2012, asking the Court to dismiss Plaintiff's claims under Rule 12(b)(6). (R. Doc. 4.) Plaintiff filed her Response in Opposition on February 21, 2012 (R. Doc. 5), and Defendants filed a Reply on February 27, 2012 (R. Doc. 8). The Court took the Motion under submission on February 29, 2012. For the reasons that follow, the Motion is granted in part and denied in part.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**LAW & ANALYSIS**

Defendants ask the Court to dismiss Plaintiff's Title VII race discrimination, 28 U.S.C. § 1983, 28 U.S.C. §1985, LEDL, conversion, punitive damages, and remaining state law claims against them for failure to state a claim upon which relief may be granted. Alternatively, Defendant Matta asks the Court to dismiss Plaintiff's Title VII and LEDL claims against him, arguing that Plaintiff cannot hold him individually liable under those statutes. As explained below, Defendants' Motion is granted in part and denied in part.

*I. Plaintiff's Title VII Claim Against Defendant Matta*

Plaintiff's Title VII sex discrimination claim against Defendant Matta is dismissed with prejudice. Defendants argue that Defendant Matta cannot be held individually liable to Plaintiff under Title VII. Plaintiff offers no argument in response.

Under Title VII of the Civil Rights Act, it is unlawful for an employer "[t]o discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's . . . sex." 42 U.S.C.A. § 2000e-2(a)(1). Although Title VII defines "employer" to include "any agent" of an employer, the Fifth Circuit does not read this definition as imposing individual liability for Title VII claims. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Specifically, the Fifth Circuit has held that "[a] party may not maintain a suit against both an employer and its agent under Title VII." *Id.*

Plaintiff has attempted to maintain a suit against both the Defendant corporation, Tchefuncta, and its agent Matta. (R. Doc. 1 at ¶ 11.) Under Fifth Circuit precedent, however, Plaintiff cannot hold Matta individually liable under Title VII. Accordingly, the Court dismisses Plaintiff's Title VII claims against Matta with prejudice.

## II.  *Plaintiff's Claim for Punitive Damages*

Defendants' Motion to Dismiss is granted as to Plaintiff's claim for punitive damages. Defendants argue that the allegations in Plaintiff's Complaint do not satisfy the elemental requirements of a claim for punitive damages. In response, Plaintiff argues that her factual allegations are sufficient to show that Defendants acted with "malice and reckless indifference" to her federally protected rights.

The Supreme Court has held that punitive damages are available under the Civil Rights Act only in a special subset of those cases that involve intentional discrimination. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999). To be awarded punitive damages, the Plaintiff must show that the employer acted not only intentionally but also "[w]ith malice or with reckless indifference to the [plaintiff's] federally protected rights" 42 U.S.C.A. § 1981a(b)(1); *Id.* at 2125. The employer's

conduct need not be egregious to make him liable for punitive damages; however, he "[m]ust at least discriminate in face of perceived risk that [his] actions will violate federal law." *Kolstad,* 527 U.S. at 291; *Lincoln v. Case*, 340 F.2d 283, 291 (5th Cir. 2003). In addition, the presence of intentional discrimination will not always lead to liability for punitive damages, as "the defendant may be 'unaware of the relevant prohibition' or the defendant may discriminate 'with the distinct belief that [his] discrimination is lawful.'" *Lincoln*, 340 F.3d at 291 (quoting *Kolstad*, 527 U.S. at 536-37).

Plaintiff's Complaint fails to provide factual allegations sufficient to support a claim for punitive damages. Based on the allegations in the Complaint the Court cannot "draw the reasonable inference the [defendants are] liable for the misconduct alleged." The Complaint makes no allegations supporting an inference that Defendants acted with "malice or reckless indifference." Instead, the Complaint merely requests punitive damages without making factual allegations to support that request, such an allegation that Defendants were aware that their conduct was unlawful. Accordingly, Plaintiff's claim for punitive damages is dismissed without prejudice.

### III. Family Medical Leave Act Claims

The Motion is also granted as to Plaintiff's claims under the Family Medical Leave Act ("FMLA"). Plaintiff alleges that Defendants violated the FMLA when they denied her leave from work after she was involved in a car accident. Defendants argue that they are not eligible employers under the FMLA because they do not employ more than fifty persons. In response,

Plaintiff argues that Defendants deliberately deceived her regarding the size of the corporation of which Tchefuncta was a part.

To bring a valid claim for interference under the FMLA, a plaintiff must establish: "(1) that she is an eligible employee; (2) that the defendant is an employer under the FMLA; (3) that she was entitled to leave under the FMLA; (4) that she gave notice to the defendant of her intention to take leave; and (5) that she was denied benefits to which she was entitled under the FMLA." *Anderson v. New Orleans Jazz & Heritage Festival & Found.*, 464 F. Supp. 2d 562, 566 (E.D. La. 2006). The FMLA defines an eligible employer as "[a]ny person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks . . . ." 29 U.S.C.A. §2611(4)(a)(I) (West 2012).

In this case, Plaintiff alleges neither that Defendants are eligible employers nor facts that would support an inference that Defendants are eligible employers. Accordingly, Plaintiff has failed to state a claim under the FMLA upon which relief can be granted, and her FMLA claims are dismissed without prejudice.

### IV. *Plaintiff's State Law Claims*

Plaintiff brings claims under Louisiana's Employment Discrimination Law ("LEDL"), claims for conversion, and unspecified claims "under the laws and jurisprudence of the State of Louisiana." Defendants' Motion urges the Court to dismiss Plaintiff's state law claims as prescribed. Alternatively, Defendant Matta argues that even if Plaintiff's state law claims are not prescribed, the LEDL claims against him should be dismissed because he is not an employer under the that

statute. Defendants have not met their burden of showing that Plaintiff's state law claims are prescribed. Plaintiff's LEDL claims against Matta, however, are dismissed with prejudice, as Matta cannot be held individually liable under the LEDL. Plaintiff's conversion claim is also dismissed.

### A. Whether Plaintiff's State Law Claims Are Prescribed

Based on the allegations in Plaintiff's Complaint, the Court cannot find that Plaintiff's state law claims are prescribed. Defendants argue that the Court should dismiss all of Plaintiff's state law claims as prescribed because more than a year passed from the date Plaintiff was fired to the date she filed her Complaint. Plaintiff, however, argues that her claims are not prescribed because the retaliatory actions of Defendant Matta continued after the termination of Plaintiff's employment, as disputes over her unemployment benefits extended into September 2010. (R. Doc. 5 at 4-5.) Plaintiff further argues that La Rev. Stat. § 23:303(D) suspended prescription on all of her state law claims for six-months, giving her eighteen months from September 2010 in which to file her claims.

Under Louisiana Civil Code art. 3492, delictual actions are subject to a prescriptive period of one year, commencing at the time the injury is incurred. La. Civ. Code. Ann. art. 3492 (West 2012). In employment discrimination actions, the injury occurs *at the time the employee learns* of the adverse employment action. *Eastin v. Entergy Corp.,* 865 So. 2d 49, 865 So.2d 49, 53 (La. 2004); *White v. State Farm Mut. Auto. Ins. Co.*, No. 11-30788, 2012 WL 1957904, at *4 (5th Cir. 2012) (emphasis added). Generally, the party asserting prescription has the burden of proof. *Titus v. IHOP Rest., Inc.*, 25 So. 3d 761, 764 (La. 2009). When a claim is prescribed on the face of the

complaint, however, the burden shifts to the plaintiff to show an interruption or suspension of prescription. *Id.*

Louisiana's Employment Discrimination Law prohibits employment discrimination based on sex. La. Rev. Stat. Ann. § 23:301 *et seq.* (West 2012). Claims for relief under the statute are subject to a one-year prescriptive period. *Id*. § 23:303(D). This prescriptive period, however, is suspended for a maximum of six months while a claim filed with the EEOC is pending investigation, resulting in a maximum prescriptive period of eighteen months. *Id*. This six-month suspensive period applies only to claims under the LEDL and not to other tort claims that a plaintiff may bring concurrently with LEDL claims. *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 269 n.10 (5th Cir. 2001).

Based on the allegations in Plaintiff's Complaint, the Court cannot determine at this time whether Plaintiff's state law claims are prescribed. Plaintiff's allegations establish that Matta fired her on July 14, 2010. (R. Doc. 1 at ¶ 20.) The Complaint does not, however, allege when Plaintiff learned that her employment had been terminated. Under Louisiana law, prescription did not begin running until Plaintiff incurred her injury, or until she knew that she had been fired. As Plaintiff's claims are not prescribed on the face of her Complaint, the burden is on Defendants to show that the claims are prescribed. Defendants have not met this burden as they have not shown when Plaintiff's injury occurred.

B. *Individual Liability of Defendant Matta Under the LEDL*

Defendants' Motion is granted as to Plaintiff's LEDL claims against Defendant Matta. Matta argues that Plaintiff cannot hold him individually liable under the LEDL because he is not an "employer" as the LEDL defines the term. Plaintiff's Opposition did not address the issue of Matta's individual liability under the LEDL. The Court finds that Plaintiff cannot hold Matta individually liable under the LEDL, and Plaintiff's LEDL claim against Matta is dismissed with prejudice.

Louisiana's Employment Discrimination Law is embodied in La. Rev. Stat. § 23:301 *et seq.* The definition of "employer" under the LEDL is narrower than that in Title VII and includes only "[a] person, association, legal or commercial entity . . . receiving services from an employee and, in return, giving compensation of any kind to an employee." La. Rev. Stat. Ann. § 23:302(2). In addition, the statute applies only "[o]nly to an employer who employs twenty or more employees within [Louisiana] for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *Id.* For purposes of the LEDL, courts consider the following factors in determining whether an employer provided compensation to an employee: "who paid the employee's wages; who withheld federal, state, unemployment, or social security taxes; whether the employee's name appeared on the employer's payroll; and whether the employee participated in the employer's benefit plans." *Dejoie v. Medley*, 9 So. 3d 826, 828 (La. 2009); *Dorgan v. Foster*, No. 04-0221, 2006 WL 2457118, *6 (E.D. La. Aug. 22, 2006).

Here, Plaintiff's Complaint contains no factual allegations establishing that Defendant Matta is an employer under the LEDL. The Complaint does not allege that Defendant Matta received services from Plaintiff, compensated Plaintiff, or employed the requisite number of employees.

Accordingly, the Motion to Dismiss is granted as to Plaintiff's LEDL claims against Defendant Matta, and Plaintiff's LEDL claims against Matta are dismissed without prejudice.

### C. Plaintiff's Conversion Claim

Although Plaintiff's Complaint mentions a conversion claim against Defendants, the Complaint contains no factual allegations that allow the Court to conclude that Plaintiff has a viable conversion claim. Accordingly, Plaintiff's conversion claims are dismissed without prejudice.

### V. Defendants' Request for Reasonable Costs & Attorney's Fees

Defendants' request for reasonable costs and attorney's fees is denied. Defendants argue that they are entitled to recover reasonable costs and attorney's fees because some of Plaintiff's claims were frivolous. As Plaintiff's entire case is not frivolous, the Court will not award costs or attorneys fees.

A court may award attorneys fees to a prevailing defendant in Title VII cases if the court finds that the action was frivolous, unreasonable, or without foundation. *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Plaintiff need not have brought the case in bad faith for attorneys fees to be awarded. *Id.* "[T]o determine whether a suit is frivolous, a court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Ogletree v. Glen Rose Indep. Sch. Dist.*, 443 Fed. Appx 913, 919 (5th Cir. 2011).

The Court cannot find that Plaintiff's case is lacking in merit to the point of being groundless. Although this Court dismisses some of Plaintiff's claims, Plaintiff has alleged facts

sufficient to sustain the remaining causes of action, including claims under Title VII. As a result, this case is not "so lacking in arguable merit as to be groundless," and the Court will not award Defendants costs and attorney's fees.

**CONCLUSION**

Defendants' Motion to Dismiss is granted in part and denied in part. Plaintiff's section 1983 claims, section 1985 claims, Title VII race discrimination claims, and Title VII claims against Matta are dismissed with prejudice. Plaintiff's FMLA claims, claims for punitive damages, conversion claims, and LEDL claims against Matta are dismissed without prejudice. Defendant's motion to recover reasonable costs and attorney's fee is denied. All other claims are reserved.

New Orleans, Louisiana, on this 14th day of August, 2012.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**