UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GIA IMBORNONE** | **CIVIL ACTION** |
| **VERSUS** | **NO: 11-3195** |
| **TCHEFUNCTA URGENT CARE, INC., ET AL.** | **SECTION: "H"(5)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment (R. Doc. 24) filed by Defendants Tchefuncta Urgent Care, Inc. ("Tchefuncta"), and Luis Matta, II ("Matta").  For the following reasons, the Motion is GRANTED and Plaintiff Gia Imbornone's claims are DISMISSED.

## BACKGROUND

In this Title VII case, Plaintiff alleges wrongful termination by Tchefuncta after complaining of sexual harassment to her immediate supervisor, Matta.  Plaintiff filed suit against Tchefuncta

1

and Matta on December 30, 2011, invoking this Court's federal question and supplemental jurisdiction. (R. Doc. 1.) Plaintiff asserts a slew of federal and state law claims. As a result of this Court's August 15, 2012, Order and Reasons, the only claims remaining are Plaintiff's Title VII and Louisiana Employment Discrimination Act ("LEDA") claims against Tchefuncta, and "any remaining state law claims against both Defendants." (R. Doc. 11.)

Defendants filed the instant Motion for Summary Judgment on February 15, 2013. (R. Doc. 24.) Defendants seek dismissal of all remaining claims. Plaintiff opposed the Motion on March 8, 2013 (R. Doc. 28), and Defendants filed a reply on March 13, 2013 (R. Doc. 31). On June 26, 2013, Plaintiff supplemented the record with Matta's deposition. (R. Doc. 42.)

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c) (2012). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.

2

*Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

For the following reasons, the instant Motion is granted. The summary judgment record

is clear that Tchefuncta did not employ the requisite number of employees to be subject to liability under Title VII or the LEDA. The record is equally clear that Plaintiff's alleged claim for intentional infliction of emotional distress has prescribed. Accordingly, Plaintiff's remaining claims are dismissed.

I.      Plaintiff's Claims under Title VII

Title VII governs Plaintiff's employment discrimination claim. *See* 42 U.S.C. § 2000e *et seq.* Tchefuncta is subject to Title VII only if, at the time of the alleged discrimination, it met the statutory definition of "employer," to wit: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000(e)(b). The "current year" refers to the year in which the alleged discriminatory acts occurred. *Vance v. Union Planters Corp.*, 209 F.3d 438, 446 (5th Cir. 2000). Because Plaintiff's employment was terminated in 2010, the Court focuses on the years 2009 and 2010.

To determine whether an entity meets the statutory minimum for a given year, a district court "look[s] first and primarily to whether the individual in question appears on the employer's payroll." *Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 210 (1997); *see also Guillory v. Rainbow Chrysler Dodge Jeep, LLC*, 158 F. App'x 536, 537 (5th Cir. 2005) (applying "payroll method" to determine whether employer was subject to Title VII). Next, the court uses "traditional principles of agency law" to determine whether the individual has an "employment relationship"

4

with his alleged employer. *Id.* (citations omitted).

The payroll records clearly reflect that Tchefuncta never employed more than twelve individuals during 2009. The records are equally clear that there were only three payroll periods in 2010 in which Tchefuncta employed fifteen or more persons.[1] Matta attested that the payroll records accurately reflect the amount of individuals in Tchefuncta's employ.

Since Defendants have satisfied their initial burden of demonstrating that Tchefuncta does not meet the statutory definition of "employer," the burden shifts to Plaintiff to "identify specific evidence in the record and articulate the manner in which that evidence supports [her] claim." *See John*, 379 F.3d at 301 (5th Cir. 2004) (internal citations omitted). Plaintiff falls woefully short of carrying this burden. Indeed, the only evidence offered to controvert the instant Motion is the following testimony from Plaintiff's deposition: "I am sure we had at least 15 employees, I am assuming." (R. Doc. 24-2.) This testimony, however, is not supported by anything in the record and cannot by itself suffice to create a genuine factual dispute. Since Plaintiff cannot prove that Tchefuncta meets the statutory definition of "employer," her Title VII claims are dismissed.

II.     <u>Whether the Court Retains Subject Matter Jurisdiction Over Plaintiff's State Law Claims</u>

Having dismissed plaintiff's federal claims before trial, the Court next considers whether to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. For the following

---

[1] A "payroll period" consists of two weeks.

reasons, the Court exercises its discretion to retain jurisdiction.

It is well settled in the Fifth Circuit that "pendent jurisdiction may continue even after the federal claims upon which jurisdiction is based have been dismissed or rendered moot." *Baker v. Farmers Elec. Coop., Inc.*, 34 F.3d 274, 283 (5th Cir. 1994) (citations omitted). While the general rule in such scenarios is to dismiss pendent state law claims, this rule is neither "mandatory nor absolute." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (internal quotation marks and citations omitted). In exercising its discretion, a court must consider both the statutory provisions of 28 U.S.C. § 1367(c)(4)[2] and the values of judicial economy, convenience, fairness, and comity. *Smith v. Amerdisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002) (citations omitted). No single factor is dispositive. *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587 (5th Cir. 1992).

Turning first to the statutory provisions, the Court finds that Plaintiff's remaining state law claims do not involve any novel or complex issues of law. To the contrary, and as explained more fully *infra*, Plaintiff's claims are easily resolved on summary judgment. The absence of any difficult

---

[2] 28 U.S.C. § 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over a related claim if:
    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

state-law questions weighs "heavily" in favor of retaining jurisdiction. *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999).

The Court also finds that judicial economy, convenience, fairness, and comity would be better served by the exercise of supplemental jurisdiction. This matter has been pending before the Court for approximately fifteen months and discovery is complete. Moreover, the Court is fully aware of the facts of this case, having considered multiple pre-trial motions and having held several conferences with counsel. Such familiarity demonstrates that further proceedings in this Court "would prevent redundancy and conserve scarce judicial resources." *See id.* at 228.

III.     <u>Plaintiff's Remaining State Law Claims</u>

Defendants move for summary judgment on Plaintiff's remaining state law claims, to wit: discrimination under the LEDA and intentional infliction of emotional distress. The Court enters summary judgment for the following reasons.

A.  *LEDA*

The LEDA applies "only to an employer who employs *twenty or more employees* within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." La. Rev. Stat. § 23:302(2) (emphasis added). Because the LEDA is substantively similar to Title VII, jurisprudence regarding the latter may inform interpretation of the former. *Brittain v. Family Care Servs., Inc.*, 801 So. 2d 457, 461 (La. Ct. App. 2d Cir. 2001) (citations omitted).

As explained *supra*, the summary judgment record is clear that Tchefuncta did not employ fifteen or more individuals for the requisite amount of time under Title VII. It follows *a fortiori* that Tchefuncta does not meet the higher numerosity requirement under the LEDA. Accordingly, Plaintiff's claims under the LEDA are dismissed. *See also Brown v. Canal Energy & Servicing, Inc.*, No. 10–4607, 2011 WL 2937276, at *6 (E.D. La. July 19, 2011) (dismissing claim under LEDA given earlier finding that employer did not meet numerosity requirement under Title VII).

B. *Intentional Infliction of Emotional Distress*

As a preliminary matter, the Court doubts whether Plaintiff asserts a claim for intentional infliction of emotional distress in her Complaint. Plaintiff generically asserts that Defendants "are liable unto her under the laws and jurisprudence of the State of Louisiana." (R. Doc. 1 at ¶2.) Nowhere in the Complaint does Plaintiff use the phrase "intentional infliction of emotional distress," nor has Plaintiff pleaded facts sufficient to give notice of this claim under Rule 8. Nonetheless, in her opposition to the instant Motion, Plaintiff claims she has asserted a cause of action for intentional infliction of emotional distress.

The Court construes this new allegation as a motion for leave to amend the pleadings. *See Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend the pleadings); *Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition

8

should be construed as a motion to amend the pleadings filed out of time") (*citing Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)).

Amendment of pleadings is generally assessed under the liberal standard of Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." The Fifth Circuit has held, however, that once a scheduling order's deadline to amend has expired, Rule 16(b) provides the controlling standard. *See S&W Enters., LLC v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b)(4) provides that a scheduling order "shall not be modified except upon a showing of good cause." Four factors are relevant to a determination of good cause: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (internal quotation marks and citations omitted). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Because the deadline for amending pleadings is well past (*see* R. Doc. 17), the Court analyzes the motion to amend under Rule 16.

At least two of the enumerated factors militate against granting to leave amend. First, Plaintiff provides no justification for failing to amend her pleadings in accordance with the deadlines in this Court's scheduling order. Second, and most importantly, amendment would be futile, because any claim for intentional infliction of emotional distress has prescribed.

The tort of intentional infliction of emotional distress is governed by the one-year prescriptive period for delictual actions under Louisiana Civil Code article 3492. *Pratt v. Louisiana State Med. Ctr. In Shreveport*, 953 So. 2d 876, 880 (La. Ct. App 2d Cir. 2007) (citations omitted). Prescription begins to run from the moment of injury.  La. Civ. Code art. 3492.

Plaintiff was terminated from her employment with Tchefuncta on July 14, 2010.  Plaintiff filed the instant suit on December 30, 2011—more than one year after her termination and alleged injury.  Accordingly, any delictual action under article 3492 has prescribed.

## CONCLUSION

For the reasons previously stated, the Motion for Summary Judgment is GRANTED and Plaintiff's claims are DISMISSED.

New Orleans, Louisiana, this 19th day of July, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**